UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN VAN HOUTEN DIPPEL,<br>    *Plaintiff*,<br><br>v.<br><br>MEMBERS OF CONGRESS,<br>    *Defendants*. | No. 3:23-cv-1619 (VAB) |

**ORDER**

On December 23, 2024, the Court issued an order dismissing this case due to Mr. Dippel's failure to respond to the Court's order to show cause. *See* Order Dismissing Case, ECF No. 14; Order to Show Cause, ECF No. 7 (May 12, 2024).

Mr. Dippel moved to reopen the case due to an alleged error by the Clerk's Office to file his response to the order to show cause that he allegedly mailed "on or about May 30, 2024[.]" *See* Motion to Reopen Case, ECF No. 15 at 2. The Court has granted Mr. Dippel's motion to reopen. *See* ECF No. 16. But, because Mr. Dippel's case is preempted by absolute legislative immunity, this case is **DISMISSED**.

"'It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities.'... Any activity that is in the sphere of legitimate legislative activity is a legislative act." *Abbey v. Rowland*, 359 F. Supp. 2d 94, 99 (D. Conn. 2005) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 46, 54 (1998)). Legislative activities include those "discretionary, policymaking decision implicating . . . services the city provides to its constituents." *Bogan*, 523 U.S. at 56. When absolute immunity attaches, a Court is void of jurisdiction and that case must be dismissed. *See Robinson v.*

1

*Jarris*, No. 1:07-CV-265, 2008 WL 3979260, at *5 (D. Vt. Aug. 25, 2008) ("Absolute immunity would bar this Court's jurisdiction, resulting in dismissal under Fed. R. Civ. P. 12(b)(1).").

Mr. Dippel argues that he has the right to sue members of the U.S. Congress for violations of his First Amendment rights under *Bivens*, 42 U.S.C. § 1983, and the Religious Freedom Restoration Act ("RFRA"). *See* Motion to Reopen Case, ECF No. 15 at 8–11 (citing *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971); 42 U.S.C. § 1983; *Tanzin v. Tanvir*, 592 U.S. 43 (2020)). Mr. Dippel also argues that government officials only enjoy qualified immunity not absolute immunity from lawsuits alleging that the officials violated a plaintiff's rights. *See* Motion to Reopen Case, ECF No. 15 at 11 (citing *Harlow v. Fitzgerald*, 457 US. 800 (1982); *Taylor v. Riojas*, 592 U.S. 7 (2020)).

Mr. Dippel is correct that in certain contexts *Bivens*, Section 1983, and the RFRA confer the right to sue government officials for alleged violations of constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 519, 151 L. Ed. 2d 456 (2001) ("In *Bivens …*, we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."), *but see Egbert v. Boule*, 596 U.S. 482 (2022) ("[R]ather than dispense with *Bivens* altogether, we have emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity."(internal quotations omitted)); 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

suit in equity, or other proper proceeding for redress . . ."); *Tanzin*, 592 U.S. at 52 ("RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities.").

And Mr. Dippel is also correct that generally it is not absolute immunity, but "qualified immunity [that] protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, (2009) (internal quotations omitted).

Mr. Dippel's lawsuit, however, concerns the legislative activities of members of the U.S. Congress, and thus implicates a specific form of absolute immunity. *See Abbey*, 359 F. Supp. at 99 ("It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." (internal quotations omitted)); Complaint, ECF No. 1 at 2 (bringing the case because "most [members of Congress] have an expressly stated policy of only accepting inquiries from and views of their constituents" and Mr. Dippel argues that that policy infringes his First Amendment rights).

Because the discretionary use of limited resources to limit the acceptance of inquiries and views as to constituents falls within the sphere of legitimate legislative activity, the Defendants are entitled to absolute immunity and Mr. Dippel's case must be dismissed. *See, e.g.*, *Bogan, 523 U.S. at 56* (finding that legislative activities include those "discretionary, policymaking decision implicating . . . services the city provides to its constituents"); *Almonte v. City of Long Beach*, 478 F.3d 100, 107 (2d Cir. 2007) (holding that legislative activities in a broad category including "covers all aspects of the legislative process, including the discussions held and alliances struck regarding a legislative matter in anticipation of a formal

vote. . . . Meeting with persons outside the legislature—such as executive officers, partisans, political interest groups, or constituents—to discuss issues that bear on potential legislation, and participating in party caucuses to form a united position on matters of legislative policy, assist legislators in the discharge of their legislative duty. These activities are also a routine and legitimate part of the modern-day legislative process."); *see also Robinson*, 2008 WL 3979260, at *5 ("Absolute immunity would bar this Court's jurisdiction, resulting in dismissal under Fed. R. Civ. P. 12(b)(1)."); *Gordon v. Katz*, 934 F. Supp. 79, 84 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 1393 (2d Cir. 1996) ("All of the federal law-based claims asserted against all Defendants in their individual capacities are barred by the doctrine of absolute legislative immunity.").

Because "a motion for leave to amend a complaint may be denied when amendment would be futile," *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)), and the claims in this case are barred by absolute immunity, leave to amend would be futile.

Accordingly, this case is **DISMISSED** with prejudice.

**SO ORDERED** at New Haven, Connecticut, this 31st day of January, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE